**6**

MICHAEL P. DACQUISTO, ESQ.
State Bar Number 84894
1901 Court Street
Redding, California 96001

Telephone: (530) 244-6007
Fax: (530) 244-0907
Email: mdacquisto@charter.net

Attorney for Linda Schuette, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | NO. 10-33600-C-7 |
| GARY MATTHEW WELLS | DCN: MPD-2 |
| _____Debtor_____/ | Date: November 16, 2010<br>Time: 9:30 a.m.<br>Place: Courtroom 35, Dept C<br>501 I Street, 6th Floor<br>Sacramento, CA 95814 |

MOTION FOR AUTHORIZATION (1) TO SELL THE DEBTOR'S INTEREST AND THE INTEREST OF THE DEBTOR'S NON FILING EX SPOUSE SANDRA L. WELLS IN REAL PROPERTY DESCRIBED AS A SINGLE FAMILY HOME LOCATED AT 4457 ARROW ROCK STREET, SHASTA LAKE CITY, CALIFORNIA, BEARING SHASTA COUNTY APN 005-680-010 FREE AND CLEAR OF LIENS (2) TO EMPLOY A REAL ESTATE BROKER AND (3) TO PAY A REAL ESTATE COMMISSION, COSTS OF SALE AND LIENS OF RECORD

Linda Schuette (hereafter "Schuette"), the chapter 7 trustee in this case, submits the following for the court's consideration in connection with her motion for an order authorizing (1) sale of the debtor's interest and the interest of the debtor's non filing ex spouse Sandra L. Wells in real property described as a single family home located at 4457 Arrow Rock Street, Shasta Lake City, California, bearing Shasta County APN 005-680-010 (hereafter

FILED
October 26, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003028223

"Property") free and clear of liens for $189,00.00, (2) employment of Coldwell Banker C&C Properties as the real estate broker for the estate and (3) payment of a real estate commission of $11,340.00 to Coldwell Banker C&C Properties who represents both the Buyer and the Seller, costs of sale and liens of record.

## I. STATEMENT OF FACTS

These proceedings were instituted when the debtor Gary Matthew Wells filed a petition under the United States Bankruptcy Code on May 24, 2010. Schuette was appointed the Chapter 7 trustee. The case was closed on October 1, 2010 and reopened on October 14, 2010 to administer the Property. Schuette was reappointed as the Chapter 7 trustee when the case was reopened.

The debtor initially valued the Property at $140,000.00, identified liens of $102,899.00 against it, claimed only a one half interest in it (with his non filing ex spouse claiming the other one half interest) and exempted $18,550.00 in value for this asset. Using his numbers that seemed to indicate there was nothing to administer and the case was closed as a no asset case.

Subsequently Schuette learned the Property was in escrow at a price of $189,000.00. At that a figure there was equity of approximately $30,000.00 for the debtor's one half interest and after deducting his claimed exemption the remaining funds for the bankruptcy estate were just under $12,000.00. Based on these figures Schuette wishes to sell the Property to generate funds for the estate and requests authorization (1) to go forward and complete this sale, (2) to obtain authorization to employ a real estate broker and (3) to pay a real estate commission, costs of sale and liens of record.

Before this motion was filed the debtor filed his own motion seeking court approval for this sale, which was set for hearing on November 2, 2010. However, the debtor is not authorized to sell estate property so Schuette has filed this motion seeking approval for sale of the Property.

Schuette has accepted an offer from Ines Moreno (hereafter "Buyer") subject to court approval and potential overbid to buy the Property for $189,000.00. Schuette understands

the Buyer is not related to the debtor in the instant bankruptcy estate. From the sales price deductions of (1) eight percent or $15,120.00, as an estimate for the commission, closing costs and other miscellaneous fees, (2) approximately $80,000.00 for a first deed of trust in favor of PHH Mortgage Services, (3) approximately $24,500.00 for a second deed of trust in favor of Bank of America, (4) approximately $8,100.00 for non recurring closing costs, and (5) approximately $500.00 for unpaid real estate taxes will be made. This leaves an estimated gross recovery of approximately $60,780.00. From that amount, one half, or approximately $30,390.00, will be paid out to the debtor's former spouse, Gail Wilson, for her one half ownership in the Property. Ms. Wilson has consented to this sale and to this division of proceeds. This will leave approximately $30,390.00 for the bankruptcy estate. The debtor has exempted $18,550.00 from that sum leaving approximately $11,840.00 for the bankruptcy estate.

Schuette believes this price is at or near the present maximum obtainable sale price for the real property. Failure to sell the Property at this price and time may result in detriment to the estate, rather than gain. Delay may result in diminution in value of the Property and potentially increased holding costs.

There was no prior court order authorizing employment of the real estate broker in this case, probably because the debtor did not realize it was required. However, as part of this motion Schuette requests the court authorize employment of Coldwell Banker C&C Properties and authorize payment of a six percent commission to the broker, or $11,340.00. The broker represents both sides of this transaction. Without their efforts no sale would have been accomplished. Given the time frame under which these papers have been prepared there has not been sufficient time to seek prior court approval of their employment. The sales contract also requires payment of certain customary costs of sale and payment of liens of record. Schuette requests authorization for payment of those items from the sales proceeds.

## II. MEMORANDUM OF POINTS AND AUTHORITIES

### A. THIS COURT HAS AUTHORITY TO AUTHORIZE THE SALE OF ASSETS

OUTSIDE THE ORDINARY COURSE OF BUSINESS UNDER 11 U.S.C.§363(b)(1).

Title 11 U.S.C. §363(b)(1) provides:

"The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." (11 U.S.C. §363(b)(1))

This court's power to authorize the proposed sale under 11 U.S.C. § 363(b) is to be exercised in its discretion. *In re Lionel Corp.* 722 F.2d 1063, 1069 (2d Cir. 1983); *In re Coastal Cable T.V., Inc.* 24 B.R. 609, 611 (Bankr. 1st Cir. 1982), rev. on other grounds, 709 F.2d 762 (1st Cir. 1983); *In re Baldwin United Corp.* 43 B.R. 888, 905 (Bankr. S.D. (Ohio 1984); *In re Ancor Exploration Co.* 30 B.R. 803, 808 (Bankr. N.D. Okla. 1983).

In Lionel, *supra*, a standard was established against which to measure the court's judicial exercise of its discretionary powers to approve a sale of assets outside the ordinary course of business under 11 U.S.C. §363(b). The *Lionel* court held that for the court to exercise proper discretion, a good business reason must be shown. Further, the court stated the discretionary power was available to further the interests of the debtor, its creditors, and its equity security holders. *Id.* at 1071.

The *Lionel* decision was adopted by the Ninth Circuit Bankruptcy Appellate Panel in *Walter v. Sunwest Bank* (*In re Walter*), 83 B.R. 14 (Bankr. 9th Cir. 1988), which approved language that the trustee must demonstrate a good business reason for selling the property.

In this case Schuette has sound business reasons for selling the Property. She will be able to liquidate an asset and create a fund out of which creditors will be paid. The price being paid for the Property is fair and reasonable. Selling now prevents further delay, possible decrease in property value and potential additional costs associated with continued holding of the Property. Under these circumstances this court's approval of the proposed sale would be a sound exercise of its discretion.

**B. THIS COURT HAS AUTHORITY TO AUTHORIZE THE SALE BE MADE FREE AND CLEAR OF LIENS UNDER 11 U.S.C.§363(f).**

Title 11 U.S.C. §363(f) allows a sale free and clear of liens only if (1) permitted by

non bankruptcy law, (2) the lien holders consent to such sale, (3) the proposed purchase price exceeds the total value of the liens against the property, (4) a good faith dispute concerning the validity of the liens exists, or (5) in a judicial proceeding the lien holders are compelled to accept a money satisfaction of their interest.

Here the proposed sale satisfies the third condition because the purchase price exceeds the total value of the liens against the property. The only liens presently known are for a first deed of trust in favor of PHH Financial, for approximately $80,000.00, a second deed of trust in favor of Bank of America, for approximately $24,500.00 and unpaid real property taxes of approximately $500.00. These liens will be paid from escrow. Consequently the sale should be made free and clear of liens.

**C. THIS COURT HAS AUTHORITY TO AUTHORIZE THE SALE OF THE ENTIRE PROPERTY, INCLUDING THE ONE HALF OWNED BY SANDRA L. WELLS, UNDER 11 U.S.C.§363(h).**

Title 11 U.S.C. §363(h) allows a sale of both the estate's interest and the interest of a non filing party in real property upon a showing that four elements have been satisfied. While the normal procedure to accomplish this would be an adversary action against the non filing party and subsequent judgment/finding to establish these four elements, in this case the non filing party, the debtor's ex spouse Sandra L. Wells, has consented to the proposed sale and the proposed division of sale proceeds.

Ms. Wells is being served with a copy of this motion and all supporting paperwork. Ms. Schuette understands Ms. Wells has previously advised the debtor that she consents to this sale and to the proposed division of sale proceeds.

Under these circumstances Schuette requests this court authorize sale of the Property, both the debtor's interest and the interest of his non filing ex spouse, Sandra L. Wells.

**D. THIS COURT HAS AUTHORITY TO AUTHORIZE EMPLOYMENT OF THE REAL ESTATE BROKER COLDWELL BANKER C&C PROPERTIES UNDER 11 U.S.C.§327.**

Title 11 U.S.C. §327 allows the court to authorize employment of a professional,

including a real estate broker, on behalf of the bankruptcy estate. In this case no prior order authorizing employment of the broker was obtained. Due to the need to obtain a court order approving the sale and to close before November 30, 2010 and based on the fact an acceptable offer of sale has already been obtained, Schuette requests approval of employment of the broker as part of this motion. There is no prejudice to the estate or to any creditor from this request and without their services this proposed sale would not have been achieved.

### III. CONCLUSION

For all the reasons set forth above Schuette respectfully requests this court enter an order authorizing her to sell the Property under the terms and conditions set forth above and in the real estate sales contract, that the court authorize her to sign all documents necessary or convenient to complete the sale, that the court authorize and approve employment of the real estate broker, and payment of the real estate commission, costs of sale and liens of record, that the court authorize distribution of the sales proceeds as set forth above, including the payment to Ms. Wells, the non filing co owner and the payment of the exemption to the debtor, that no further motion or order of the court be required with regard to completing the sale, and for any further relief the court deems appropriate.

Date: October 26, 2010

/s/ Michael P. Dacquisto
MICHAEL P. DACQUISTO,
Attorney for Chapter 7 Trustee,
LINDA SCHUETTE